UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Sandra Bowling,                               Case No. 15-50619-MBM
                                                       Chapter 7
                Debtor.                         Hon. Marci B. McIvor
_____/

**TRUSTEE'S MOTION TO ALLOW CASE TO
CLOSE WITHOUT ABANDONING FIRST PARTY CLAIMS**

**Jurisdiction**

1. This motion is brought under Fed. R. Bankr. P. 9014 and 11 U.S.C. §§ 105 and 554.

2. This is a core proceeding over which this Court has jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(A) and 1334.

**Background**

3. On July 15, 2015, Sandra Bowling filed a petition for relief under Chapter 7 of the U.S. Bankruptcy Code and Mark H. Shapiro was appointed the Chapter 7 Trustee.

4. The Debtor's Schedule B listed "Pending lawsuit (vehicle accident in 2014)" with a value of $10,000.

5. The Trustee employed special counsel Lipton Law Center, P.C. to continue to pursue claims for damages in the automobile accident. The third party claims were settled pre-petition. The first party claims are still pending.

6. Special counsel attorney, Stephanie Cochran, informed the Trustee that the claim pending is for medical bills incurred and lost wages. At this point, the insurance

company is offering less than the total of the medical bills and any funds received for medical bills will be paid to the outstanding vendors and not to the Debtor. Also, lost wages are 100% exempt and the Debtor has an additional $4,000 she could claim exempt under 11 U.S.C. § 522(d)(5).

7. There are no other assets available for administration in this case.

8. Although it does not appear that the estate will receive any benefit from the first party claims, the Trustee wishes to preserve any rights the estate does have in the first party claims by permitting the case to close without abandoning the estate's interest in the first party claims.

## Legal Basis for Relief

9. The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the bankruptcy code. *See* 11 U.S.C. § 105(a).

10. Property scheduled under § 521(a)(1) of the bankruptcy code not otherwise administered at the time of the closing of a case is abandoned to the debtor, unless the Court orders otherwise. *See* 11 U.S.C. 554(c).

11. A case may be reopened in the court in which such case is closed to administer assets, to accord relief to the debtor, or for other cause. *See* 11 U.S.C. § 350(b).

## Request for Relief

The Trustee requests that the Court enter an order permitting the case to close without abandoning the estate's interest in the first party claims and granting such relief as the Court deems appropriate.

2
15-50619-mbm    Doc 27    Filed 12/08/15    Entered 12/08/15 14:33:38    Page 2 of 9

                                                  /s/ Mark H. Shapiro (P43134)
                                                  Trustee
                                                  25925 Telegraph Rd., Suite 203
                                                  Southfield, MI 48033
                                                  (248) 352-4700
                                                  shapiro@steinbershapiro.com

Date: December 8, 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Sandra Bowling,                              Case No. 15-50619-MBM
                                              Chapter 7
      Debtor.                          Hon. Marci B. McIvor
_____/

**ORDER ALLOWING CASE TO PROCEED TO CLOSING
WITHOUT ABANDONING FIRST PARTY CLAIMS**

This matter is before the Court on the Chapter 7 Trustee's request for an order that will allow the case to proceed to closing without abandoning the estate's interest in first party claims pertaining to an automobile accident that occurred in 2014. The Court, being fully advised in the premises, finds good cause to enter this order.

IT IS ORDERED that the Trustee's motion is granted and the estate's interest in first party claims pertaining to an automobile accident that occurred in 2014 will not be abandoned when the case is closed.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

| | |
|---|---|
| Sandra Bowling, xxx-xx-6413 | Case No. 15-50619-MBM |
| 6250 Warwick | Chapter 7 |
| Detroit, MI 48228 | Hon. Marci B. McIvor |

      Debtor.
_____/

**14 DAY NOTICE OF TRUSTEE'S MOTION TO
ALLOW CASE TO CLOSE WITHOUT
ABANDONING FIRST PARTY CLAIMS**

On July 15, 2015, the Debtor filed a voluntary Chapter 7 bankruptcy proceeding and listed "Pending lawsuit (vehicle accident in 2014)" with a scheduled value of $10,000. Mark H. Shapiro, Trustee employed special counsel Lipton Law Center, P.C. to continue to pursue claims for damages for the pending lawsuit. The third party claims were settled pre-petition. The first party claims are still pending. Special counsel has informed the trustee that the litigation is ongoing but it is unlikely that any funds received would exceed the Debtor's exemption. The Trustee believes it is in the best interest of creditors to allow the case to close without abandoning the first party claims and has requested on order for that relief.

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the motion, or if you want the Court to consider your views on the motion, then or before 14 days from the date of service of this notice, you or your attorney must:

File with the Court a written objection or request for hearing at:[1]

Intake Office
U.S. Bankruptcy Court
211 West Fort Street
Detroit, MI 48226

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the 14 day period expires.

You must also mail a copy to:

Mark H. Shapiro, Esq.
Chapter 7 Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

                                                      /s/ Mark H. Shapiro (P43134)
                                                      Trustee
                                                      25925 Telegraph Rd., Suite 203
                                                      Southfield, MI 48033
                                                      (248) 352-4700
                                                      shapiro@steinbershapiro.com

Date: December 8, 2015

---

[1] Objection or request for hearing must comply with Fed. R. Civ. P. 8(b), (c), and (e).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Sandra Bowling,                           Case No. 15-50619-MBM
                                                Chapter 7
           Debtor.                    Hon. Marci B. McIvor
_____/

## CERTIFICATE OF SERVICE

       I certify that on December 8, 2015, I served copies as follows:

Document Served:         14 Day Notice of Trustee's Motion to Allow Case to Close Without Abandoning First Party Claims

Served Upon:             All non-ECF parties listed on attached Official Court Matrix

Method of Service:       First Class Mail

                                           /s/ Ilene A. Harmon, Trustee Assistant
                                           25925 Telegraph Rd., Suite 203
                                           Southfield, MI 48033
                                           (248) 352-7400
                                           harmon@steinbergshapiro.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0645-2<br>Case 15-50619-mbm<br>Eastern District of Michigan<br>Detroit<br>Tue Dec  8 09:54:08 EST 2015 | 24th District Court<br>Case No. 11-138167-GC<br>6515 Roosevelt<br>Allen Park, MI 48101-2524 | Ally Financial<br>P.O. Box 380901<br>Minneapolis, MN 55438-0901 |
| Baker College of Allen Park<br>4500 Enterprise Drive<br>Allen Park, MI 48101-3033 | Sandra Bowling<br>6250 Warwick<br>Detroit, MI 48228-3935 | Capital One<br>PO Box 5253<br>Carol Stream, IL 60197-5253 |
| Christopher M. Carey<br>23930 Michigan Avenue<br>Dearborn, MI 48124-1833 | Tracy M. Clark<br>25925 Telegraph Rd.<br>Suite 203<br>Southfield, MI 48033-2527 | (p)COMCAST<br>41112 CONCEPT DR<br>PLYMOUTH MI 48170-4253 |
| Congress Collection Corp.<br>24901 Northwestern Hwy. Ste. 300<br>Southfield, MI 48075-2207 | General Revenue Corp<br>4660 Duke Drive, Suite 300<br>Mason, OH 45040-8466 | Midland Funding LLC<br>8875 Aero Drive Suite 200<br>San Diego, CA 92123-2255 |
| Navient U. S. Department of Education<br>P.O.  Box 9635<br>Wilkes Barre, PA 18773-9635 | SYNCB/JCP<br>PO Box 965007<br>Orlando, FL 32896-5007 | SYNCB/Old Navy<br>PO Box 965005<br>Orlando, FL 32896-5005 |
| Mark H. Shapiro<br>25925 Telegraph Rd.<br>Suite 203<br>Southfield, MI 48033-2527 | Source Receivables Management<br>P.O. Box 4068<br>Greensboro, NC 27404-4068 | Sprint<br>PO BOX 7993<br>Overland Park, KS 66207-0993 |
| Stellar Recovery<br>1327 Highway 2 West 100<br>Kalispell, MT 59901-5721 | Victoria's Secret<br>PO Box 182128<br>Columbus, OH 43218-2128 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Comcast
PO Box 3005
Southeastern, PA 19398-3005

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Sean M. McNally | (d)Mark H. Shapiro<br>25925 Telegraph Rd.<br>Suite 203<br>Southfield, MI 48033-2527 | End of Label Matrix<br>Mailable recipients  19<br>Bypassed recipients   2<br>Total                 21 |